# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 7 |
| ENTERTAINMENT PUBLICATIONS, LLC, | Case No. 13-10496-CSS |
| Debtor | |

**STIPULATION MODIFYING AUTOMATIC STAY TO PERMIT ADJUDICATION OF NEGLIGENCE AND PRODUCT LIABILITY CLAIMS OF MINOR ALEXIA NATAN, BY AND THROUGH HER *GUARDIAN AD LITEM*, SUZETTE NATAN, AND CONTRACTUAL DEFENSE AND INDEMNITY CLAIMS OF BED BATH & BEYOND INC. TO THE EXTENT OF AVAILABLE THIRD-PARTY INSURANCE PROCEEDS**

This Stipulation (the "Stipulation") is entered into by and among Charles M. Forman, Chapter 7 trustee (the "Chapter 7 Trustee") of Entertainment Publications, LLC (the "Debtor"), through his attorneys, Forman Holt Eliades & Youngman LLC and Drinker Biddle & Reath LLP, Alexia Natan, by and through her *guardian ad litem*, Suzette Natan (the "Claimant"), and Bed Bath and Beyond Inc. ("BB&B," and together with the Chapter 7 Trustee, the Debtor and the Claimant, the "Parties"), through its attorneys, Snyder Law, LLP. On March 12, 2013 (the "Petition Date"), the Debtor commenced this proceeding (the "Chapter 7 Case") by filing for relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

## RECITALS

**WHEREAS** the Claimant alleges that prior to the Petition Date, the Claimant sustained personal injuries (the "Alleged Injury") in connection with a faulty in-store display (the "Product") as a result of the alleged negligence and product liability of the Debtor and BB&B.

00345892 - 2

**WHEREAS** BB&B alleges that, prior the Petition Date, the Debtor assumed a contractual obligation to defend and indemnify BB&B against negligence and products liability claims arising from the Product.

**WHEREAS** the Claimant seeks to continue an action, captioned *Natan v. Bed Bath & Beyond, Inc., et al.*, 30-2013-00645100-CU-PO-CJC filed in the Superior Court of the State of California; County of Orange, Central Justice Center, against the Debtor, with respect to the Alleged Injury (the "Action").

**NOW THEREFORE**, it is hereby stipulated and agreed that:

1. The automatic stay imposed pursuant to section 362(a) of the Bankruptcy Code, or any Orders of the Bankruptcy Court, shall be lifted solely to the extent necessary and for the sole purpose of permitting the Claimant and BB&B to proceed with the Action and to collect from the Insurance Policies and Proceeds (as defined herein), if any, in satisfaction of any judgment or settlement arising from the Action.

2. Claimant and BB&B shall limit any recovery on account of the Action as against the Debtor (by verdict, settlement or otherwise) only to the extent of available Insurance Policies and Proceeds, if any, and shall not seek any recovery, payment or satisfaction of any amounts from the Chapter 7 Trustee, Debtor, its subsidiaries, affiliates, successors, or assigns, or the Debtor's current or former shareholders or unitholders, directors, officers, , employees, attorneys, or professional advisors or any of the Debtor's assets (collectively, the "Excluded Parties") other than their third party insurance funds and policies, if any (the "Insurance Policies and Proceeds").

3. If, and to the extent, that liability is established against any of the Excluded Parties, Claimant and BB&B shall look solely to the Insurance Policies and Proceeds,

00345892 - 2

for payment of such claims or liability, and not to any of the Excluded Parties. To the extent Claimant and/or BB&B obtains a judgment against the Excluded Parties in the Action, the party or parties obtaining the judgment(s) shall waive any recovery in the Action as against the Excluded Parties which exceeds any applicable insurance coverage or which would otherwise be payable by the Excluded Parties on account of any deductible or otherwise.

4. Claimant and BB&B, on behalf of themselves and their respective heirs, representative, and assigns waive and release the Excluded Parties from any and all claims (including any proof of claim filed in this case), actions, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses or demands whatsoever, known or unknown, of any nature, except to the extent of any available Insurance Policies and Proceeds.

5. Nothing contained herein shall be construed to limit, modify, or impair the Debtor's or insurers' rights or obligations under any contractual agreement between the Debtor or the Excluded Parties and their insurers.

6. Nothing contained herein is intended to be or should be construed as an admission of any fact, claim, right, or defense that the Parties, the Debtor, Excluded Party or any of their insurers may have with respect to the Alleged Injury, and all rights, claims, and defenses are hereby expressly reserved.

7. Nothing contained herein is intended to be or should be construed as a limitation on recovery by Claimant as against BB&B or any other parties other than the Excluded Parties.

8. Debtor represents that it had General Liability Insurance, policy# c4029257508 that was valid on November 8, 2011 and does not exclude or have a deductible for the liability as alleged in the Action.

9. If this Stipulation is not approved by the Bankruptcy Court, this Stipulation shall be of no force and effect and none of its provisions will be deemed to prejudice or impair any of the Parties', Excluded Parties' or the Debtor's respective rights and remedies, nor may it be used in any way against any of the Parties, Excluded Parties or the Debtor in any litigation or contested matter.

10. This Stipulation constitutes the entire agreement among the Parties and shall not be modified, altered, amended or vacated without the prior written consent of the Parties or further order of this Court. All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, with respect to all or any part of the terms contained herein are superseded by this Stipulation and shall be of no further force or effect.

11. Except as otherwise provided herein, any stay shall remain in effect in all other respects with respect to the commencement of any other actions by the Claimant or BB&B against the Debtor.

12. The Bankruptcy Court shall retain jurisdiction over the Parties and this Stipulation, including, without limitation, for the purposes of interpreting, implementing and enforcing its terms and conditions.

13. Nothing stated herein shall affect the rights of the Parties or Excluded Parties to prosecute or defend against or settle the merits of the allegations asserted in the Action and any subsequent appellate proceedings with respect to the Action.

14. Claimant and BB&B hereby agree not to seek any formal discovery from the Chapter 7 Trustee and the estate in the Action.

15. This Stipulation and the modification of the Automatic Stay, as set forth herein, shall have no effect as to parties that are not a party to this Stipulation, and the Automatic Stay shall remain in full force and effect with respect to such other parties and their proofs of claim or causes of action, if any, against the Debtor and its estate.

16. Each of the Parties shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

Each person who executes this Stipulation by or on behalf of each Party warrants and represents that he has been duly authorized and empowered to execute and deliver this Stipulation on behalf of that Party.

**[SIGNATURES ON FOLLOWING PAGE]**

00345892 - 2

Dated: May 20, 2014 **DRINKER BIDDLE & REATH LLP**

/s/ Howard Cohen

Howard A. Cohen (DE 4082)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801-1621
Telephone: (302) 467-4200
Facsimile: (302) 467-4201
Howard.Cohen@dbr.com

and

**FORMAN HOLT ELIADES & YOUNGMAN LLC**

Kim R. Lynch, Esq.
80 Route 4 East, Suite 290
Paramus, NJ 07652
Telephone: 201-845-1000
Facsimile: 201-845-9112

*Counsel to the Charles M. Forman*
*Chapter 7 Trustee of Entertainment Publications, LLC*

Dated: May ___, 2014 **BILLION LAW**

Mark M. Billion, Esq. (DE ___)
922 New Road, Fl. 2
Wilmington, DE 19805
Telephone: (302) 428-9400
Facsimile: (302) 450-4040

*Counsel to the Claimant*

Dated: May 19, 2014 **SNYDER LAW, LLP**

Sean R. Burnett
420 South Fairview Avenue, Suite 102
Santa Barbara, California 93117
Telephone No.: 805.692.2800
Facsimile No.: 805.692.2801
sburnett@snyderlaw.com

*Counsel to Bed Bath & Beyond Inc.*

00345892 - 2